UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSHUA D. KEENER                                                                                   PETITIONER

V.                                                                       CIVIL ACTION NO. 3:21-CV-15-DPJ-FKB

UNITED STATES OF AMERICA                                                                      RESPONDENT

ORDER

This case began when Joshua D. Keener filed a Petition for Writ of Habeas Corpus [1] challenging his conditions of confinement and seeking transfer to the Federal Correctional Center in Butner, North Carolina. The Court dismissed the action without prejudice, and Keener has now docketed a letter "following up" on his case. Letter [6] at 1. Assuming the Letter seeks relief from judgment, it is denied.

I.   Background

On May 11, 2021, this Court entered an Order dismissing Keener's case because he filed a habeas corpus petition instead of a civil-rights suit. The Court noted,

> If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). If not, then the proper vehicle may be a civil-rights action. *Id.* Moreover, habeas review "is not available to review questions unrelated to the cause of detention," *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976), whereas a civil rights action "is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement," *Orellana*, 65 F.3d at 31 (quoting *Cook v. Tex. Dep't of Crim. Just. Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)).
>
> Consistent with these principles, the Fifth Circuit Court of Appeals has held that "the injunctive remedy of transfer to another correctional facility 'is not a proper subject for a habeas corpus petition.'" *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009) (quoting *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (holding in dicta that prisoner could not seek transfer under § 2241 case)); *see also Hathaway v. Fed. Bureau of Prisons*, No. 2:10-CV-182-KS-MTP, 2010 WL 3522048, at *2 (S.D. Miss. Sept. 1, 2010) (holding that prisoner could not challenge transfer under § 2241). Accordingly, Keener may not seek transfer under § 2241.

Order of Dismissal [4] at 1–2.  Although the Court is required to liberally construe pro se pleadings, it did not construe Keener's habeas Petition as a civil-rights action "because it [was] not apparent that Keener exhausted any civil claims." *Id.* at 2 (citing *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010)).  Final Judgment [5] was entered.

Seven months later, Keener has submitted an unsigned letter to "follow[] up" on his case. Letter [6] at 1.  The letter details the conditions Keener faces at his present institution, including a "steady buffet of perpetual lockdowns," a lack of programing because of these lockdowns, and general "persecution and oppression." *Id.*  Keener alleges "deliberate indifference towards our pain and suffering." *Id.*

II.     Analysis

Liberally construing his letter, Keener *may* be seeking relief from final judgment.  *See* Fed. R. Civ. P. 60(b)(6) (allowing relief from judgment for "any . . . reason that justifies relief"). To obtain that relief, Keener would have to show "'extraordinary circumstances' justifying the reopening of a final judgment.'"  *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 525, 535 (2005)).  "[S]uch circumstances will rarely occur in the habeas context . . . ." *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

Here, Keener's letter offers no basis for relief from final judgment.  Rather, he merely documents the current conditions of his confinement and accuses prison officials of deliberate indifference.  In other words, Keener is still attempting to bring civil-rights claims in a habeas action.  For the reasons this Court previously stated, a habeas corpus petition is not the correct way to seek a transfer.  Accordingly, the Court properly entered judgment as to the habeas claim. *See* Order of Dismissal [4] at 1–2.

Nor has Keener shown that the Court erred when it refused to liberally construe his habeas claim as a civil-rights action. Had the Court converted Keener's case, rather than dismiss it without prejudice, Keener would have automatically become responsible for a substantially higher filing fee. *Bishop v. Fox*, No. 1:12-CV-446, 2012 WL 6569374, at *1 n.1 (E.D. Tex. Nov. 16, 2012). Moreover, Keener still fails to show that he exhausted his administrative remedies. Thus, had the Court liberally construed his Petition as a civil-rights suit, it would have immediately dismissed it. *See Muhammad v. Wiles*, 841 F. App'x 681, 685–86 (5th Cir. 2021) (noting that claims for injunctive relief must still be exhausted). Finally, the dismissal was without prejudice, so Keener remains free to file a new civil-rights suit for the injuries he alleges in his Petition and his letter.

III.     Conclusion

To the extent Keener's letter was intended as a Rule 60(b)(6) motion, it is denied.[1]

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because Keener failed to sign his Letter, the Court could strike it under Federal Rule of Civil Procedure 11(a). But given Keener's pro se status, and the fact that the Court finds the filing to be futile, there is no need to strike it. *See Ivey v. Atwater*, No. 6:16-CV-95-Orl-37GJK, 2016 WL 11578751, at *1 n.1 (M.D. Fla. Feb. 2, 2016) (finding no need to strike unsigned complaint because pleading was futile).